# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1.  SHELTER MUTUAL INSURANCE COMPANY, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CIV-22-242-J |
| 1.  MARCUS STEPHENS,<br>2.  JAMES LICHLITER, as surviving spouse of LUCINDA LICHLITER, deceased,<br>3.  MONTANA LICHLITER,<br>4.  MICHAEL DENNY,<br>5.  DENISE DENNY,<br>6.  JANICE KEENER,<br>7.  ANTHONY BARRETT,<br>8.  JOHN SPURLOCK,<br>9.  STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as subrogee of James Lichliter,<br>10. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, as subrogee of Michael Denny, and/or ACAR LEASING, LTD.,<br>11. ALLSTATE FIRE and CASUALTY INSURANCE COMPANY, as subrogee of Janice Keener and Anthony Barrett, and<br>12. CITY OF OKLAHOMA CITY. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Shelter Mutual Insurance Company ("Shelter") and requests Declaratory Judgment, pursuant to 28 U.S.C. § 2201, regarding coverage and its duties (1) to indemnify Marcus Stephens ("Stephens") regarding certain wrongful death, bodily injury,

1

property damage, and subrogation claims, and (2) its duty to defend Stephens in any existing or future lawsuits for injuries and damages resulting from a motor vehicle accident on December 30, 2021.

1. Plaintiff Shelter is a foreign insurance company with its principal place of business in the state of Missouri.

2. Defendants James Lichliter, a surviving spouse of Lucinda Lichliter, deceased, Montana Lichliter, Michael Denny, Denise Denny, Janice Keener, Anthony Barrett, and John Spurlock (collectively "Accident Victims") are all citizens of the state of Oklahoma.

3. State Farm Mutual Automobile Insurance Company is a foreign insurance company with its principal place of business in the state of Illinois.

4. Allstate Fire and Casualty Insurance Company is a foreign insurance company with its principal place of business in the state of Illinois.

5. The matter in controversy exceeds, exclusive of interest, the sum of Seventy-Five Thousand Dollars ($75,000.00). This Court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because one or more Defendants reside in the judicial district and/or the events giving rise to the action occurred in the judicial district.

6. On December 30, 2021, Stephens was operating a 2007 GMC Yukon in Oklahoma City, Canadian County, when it collided with three other vehicles occupied by Lucinda Lichliter, Montana Lichliter, Michael Denny, Denise Denny, and Janice

Keener. Lucinda Lichliter died because of her injuries and Montana Lichliter sustained serious bodily injuries. The other vehicle occupants sustained or may have sustained bodily injury.

7. Upon information and belief, James and Lucinda Lichliter owned the vehicle Lucinda was operating, which was insured by State Farm; Michael Denny and Denise Denny owned or leased the vehicle Michael Denny was operating, which was insured by State Farm; and Anthony Barrett owned the vehicle Janice Keener was operating, which was insured by Allstate. All three vehicles sustained varying degrees of property damage.

8. State Farm and Allstate (collectively "subrogees") have paid or will pay their respective insureds for property damage, medical payments, and/or uninsured/underinsured (UM/UIM) benefits, the extent of which is currently unknown to Shelter.

9. John Spurlock owned real property including a fence that was damaged as a result of the collision.

10. City of Oklahoma City incurred expense for biohazard removal and has asserted a claim against Stephens to recover such expense.

11. Prior to the collision, Shelter issued an Auto Policy, Policy No. 35-1-3519220-31 (the "Policy"), insuring the 2007 GMC Yukon. The Named Insureds listed in the Policy's Declarations were Donna Stephens and Troy Stephens. No other insureds were identified in the Declarations.

12. The Policy provided bodily injury liability coverage in the amount of $50,000.00 each person/$100,000.00 each accident subject to its provisions. The Policy provided property damage liability coverage in the amount of $50,000.00 subject to its provisions. Bodily injury liability coverage stepped down to $25,000.00 each person/$50,000.00 each accident and property damage liability coverage stepped down to $25,000.00 for persons who become insureds solely because they had permission or general consent to use the described auto.

13. Stephens is believed to be the grandson of the Named Insureds, both of whom died prior to the December 30, 2021, accident. Donna Stephens died March 17, 2020. Troy Stephens died September 1, 2021.

14. The Policy contained a provision for what happens to the Policy when all Named Insureds die. The provision allowed coverage for a maximum of 90 days after the death of the last Named Insured to any person who possessed the described auto with permission of the owner at the time of the last Named Insured's death. Shelter believes Stephens did not meet the permissive user standard but, even if he did, the last Named Insured died more than 90 days before the collision. Thus, Shelter believes the Policy terminated no later than November 30, 2021, one month before the collision.

15. The amount in controversy in this Declaratory Judgment action exceeds $75,000.00 based on the applicable limits of coverage in the Policy, including stepped down limits, if applicable, and the nature and extent of the injuries and damages of the

Accident Victims and subrogees.

16. There is an actual, real, and substantial controversy now existing between the parties in respect to the Policy, and by Order and Decree herein, all rights, duties and legal relations of the parties hereto should be immediately, definitely and judicially determined, adjudicated and declared.

17. Based on the above facts, Shelter is entitled to a declaratory judgment that it has no duty to defend or indemnify Stephens for the injuries and damages of the Accident Victims and subrogees, and that Shelter has no obligation under the Policy for any other injury or damage claims or lawsuits related to the December 30, 2021, motor vehicle accident.

WHEREFORE, Plaintiff Shelter Mutual Insurance Company prays for a judgment from this Court declaring the rights, duties and obligations between it and the Defendants herein, and that based on the above facts, such judgment should be that Shelter has no obligations under the Policy to defend or indemnify Defendant Stephens.

*s/ Rodney D. Stewart*
Rodney D. Stewart
Bar Number: 15105
Attorney for Plaintiff
Stewart Law Firm
801 NW 63rd Street., Suite 100
Oklahoma City, OK 73116
Telephone:  (405) 601-6060
Facsimile:  (405) 254-5118
E-Mail: rds@rstewartlaw.com